LORENZA PEÑA DE BALBÁS ET AL., Plaintiffs and Appellees, *v.* PEDRO VERGNE DE LA CONCHA, Defendant and Appellant.

No. 4777. Argued November 19, 1928.—Decided December 24, 1928.

G. *Cruzado Silva* and F. *González Fagundo* for the appellant. A. *Marín Marién* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

A motion for reconsideration of our order of December 3, 1928. Among other things, this court decided that the time or period for asking for an order directed to the stenographer to reproduce his notes could be extended. The theory of the appellees apparently is that the order on the stenographer should first be obtained and then the time extended; that the time itself for obtaining such an order could not be extended. We think it too plain for further argument that the time for imposing a duty can be extended as well as the time for performing the duty once imposed. This was the only proposition advanced by the motion to dismiss that we considered important or worthy of special treatment.

The other matter in the motion like the question of the attorneys was a mere question of identification and more than clearly covered by the decision of this court in *Domínguez* v. *Fabián*, 35 P.R.R. 288.

In that case the appellant asked for sixty days to prepare the transcript of the record (*transcripción del récord*). The appellant maintained that "*transcripción del récord*" could only refer to the stenographic notes inasmuch as if an appellant wanted the record he would have said "*transcripción de autos.*" The majority of this court held that the intention of the appellant was sufficiently manifested. The dissenting judges, of whom the writer was one, maintained, 35 P.R.R. 292, that at no time did the appellants show any intention of making use of the Acts of 1917 and 1919; that there was nothing to show that the appellants intended to avail themselves of the stenographic notes.

In the present case appellant asked for ten days within which to obtain an order for the preparation of the stenographic record and none could doubt what was the object sought to be obtained. The petition was broad enough to cover any possibility, and the principal, if not the only, case in which an order for the stenographic notes is specifically

required by law is when the Acts of 1917 or 1919 are to be used.

As to alleging a reason for extending the time, such a matter rests within the sound discretion of the trial court. Given the very notorious fact that the time for the production of the stenographer's notes almost invariably needs to be extended, it would take a great deal to convince us that a trial court committed an abuse of discretion.

The motion for reconsideration will be overruled.